George V. **CHRISTMAN** et al.,
Plaintiffs,

v.

**MARISTELLA COMPANIA NAVIERA,**
Defendant and Third-Party Plaintiff,

v.

**BOYD, WEIR & SEWELL, INC.,**
Third-Party Defendant.

No. 65 Ad. 639.

United States District Court
S. D. New York.

Nov. 26, 1968.

Kirlin, Campbell & Keating, New York City, for plaintiffs; Edward L. Smith and Walter P. Hickey, New York City, of counsel.

Healy & Baillie, New York City, for defendant and third-party plaintiff; N. J. Healy, Jr., New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for third-party defendant; Wharton Poor and R. Glenn Bauer, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

This action involves an alleged breach of a charter party for the s/s ERETRIA. Defendant admits that its vessel never performed the voyage for plaintiff, but claims that the charter party, as written, does not reflect the terms of the actual agreement and that the charter party was signed by its agent, third-party defendant, without authority.

Defendant filed a third-party complaint seeking indemnity from its agent, alleging that third-party defendant acted without or in excess of authority in negotiating and entering into the charter party. Plaintiff then filed a cross-complaint, alleging that third-party defendant breached its warranty of authority to execute the charter party.

Third-party defendant moves to dismiss the third-party complaint and the cross-complaint for failure to state a claim within admiralty jurisdiction. We will consider the motions in order.

■■ Although defendant and third-party defendant contest whether an agent, signing a contract without authority, constitutes a tort or breach of contract, there is no doubt that the agency agreement between defendant and third-party defendant is non-maritime in nature. Breach of this non-maritime agreement is not within admiralty jurisdiction. Aktieselskabet Fido v. Lloyd Braziliero, 283 F. 62 (2d Cir.), cert. denied, 260 U.S. 737, 43 S.Ct. 97, 67 L. Ed. 489 (1922); 2 Benedict, Admiralty § 350 (6th ed. 1940).

The third-party complaint, therefore, must be dismissed unless there is another basis for federal jurisdiction over the third-party complaint. 3 Moore, Federal Practice ¶ 14.20 (2d ed. 1968). The pleadings establish that defendant is a citizen of Greece, third-party defendant is a citizen of New York, and the amount in controversy is in excess of $10,000. There is therefore diversity jurisdiction. 28 U.S.C. § 1332.

 Dismissing the third-party complaint for want of admiralty jurisdiction, only to have defendant reinstitute the action in diversity and then consolidate it with the admiralty action under Rule 42(a), Fed.R.Civ.P., because of the common questions of law and fact, would be needlessly circuitous. We therefore avoid the unnecessary fragmentation and decline to dismiss the third-party complaint. David Crystal, Inc. v. Cunard Steam-Ship Co., 339 F.2d 295, 300 (2d Cir. 1964), cert. denied, 380 U.S. 976, 85 S.Ct. 1340, 14 L.Ed.2d 271 (1965).

Third-party defendant's fear that a jury will be confused if the admiralty claim is tried with the alleged breach of agency agreement is unfounded. The jury, with the assistance of court and counsel, will be able to focus on the single issue which it must determine, namely, whether third-party defendant breached its agency agreement with defendant.

Plaintiff's cross-complaint against third-party defendant alleges that third-party defendant breached its warranty of authority in signing the charter party. If this claim is not cognizable in admiralty, then it must be dismissed since both plaintiff and third-party defendant are citizens of New York. The issue we must decide is whether the implied warranty arising out of the charter party is maritime in nature.

We reject third-party defendant's argument that recovery for an agent's misrepresentation of his authority is founded on the tort of deceit. We accept, instead, the majority view of courts in the United States and England that when an agent signs a contract he impliedly warrants that he has authority to make the contract. Restatement (Second), Agency § 329 (1957). This warranty arises from the contract which the agent has signed on behalf of his principal. Mechem, Agency § 325 (4th ed. 1952).

The warranty of authority is not unlike the warranty of workmanlike services arising from a contract between a shipowner and a stevedore. See Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L. Ed. 133 (1956). Recovery on the warranty of workmanlike services is cognizable in admiralty because the contract on which it is based is maritime in nature. Ibid. Here, too, the warranty should be cognizable in admiralty because the contract on which it is based is concededly maritime in nature.

Accordingly, third-party defendant's motions to dismiss the third-party complaint and the cross-complaint are denied in all respects.

So ordered.